At a Surrogate's Court held in and for the
County of Westchester, at 140 Grand Street,
8th Floor, White Plains, New York on the
_25th_ day of _Janu_____, 2007

**P R E S E N T: HON. ANTHONY A. SCARPINO, JR.**

Surrogate

----------------------------------------------------X

In the Matter of the Proceeding by JOHN W.
STEIGLER, as Executor of the Estate of

VALERIE VECCHIOTTI,                          **FILE NO. 2499/2005**
                                             **ORDER TO SHOW CAUSE**

Deceased,

To direct a turnover of property held by Avon
Products, Inc. under SCPA 2103.

----------------------------------------------------X

Upon reading and filing the Petition of John W. Steigler, as Executor of the Estate of

_Vecchiotti_
Valerie ~~Vecch~~, Deceased, duly verified the 24th day of January, 2007, setting forth facts tending

to show that assets belonging to decedent's estate which should be delivered to the petitioner are

in the possession of, or under the control of, or within the knowledge or information of

_to wit, a personal savings acct_
respondent, AVON PRODUCTS, INC who withholds the same from the estate and refuses to

deliver said assets to the petitioner and for an Order directing the respondent to deliver the

_to wit, a personal_
_savings_
property in its possession or control, tending to support the allegations of said petition and the _acct_

Surrogate being satisfied, on the papers so presented that there are reasonable grounds for the

relief,

**NOW**, it is

**ORDERED**, you are cited to show cause before the Surrogate's Court of the County of

Westchester, at 140 Grand Street, 8th floor, White Plains New York on the _28th_ day of

_February_____, 2007 at 9:30 a.m. in the forenoon of said day or as soon thereafter as

counsel can be heard, why an Order should not be made requiring Avon Products, Inc. to deliver the property herein before described or the proceeds or value thereof to the petitioner; and it is further

**ORDERED,** that pending the ~~hearing and determination~~ *Return Date* of this application that all assets in the name of Valerie Vecchiotti, including but not limited to a Personal Savings Account are hereby stayed from distribution, liquidation, transferring, conveying or withdrawing.

**SUFFICIENT REASON APPEARING THEREFOR,** let service of a certified copy of this Order ~~by facsimile and first class mail~~ *And the Return upon which it is based* be made on or before the _29ᵗʰ_ day of _January_, 2007 upon AVON PRODUCTS, INC. and FRANK GRANIERI be sufficient and good service hereof.

_____
Surrogate

FORM 110-8-94

STATE OF NEW YORK
COUNTY OF WESTCHESTER ss:
SURROGATE'S OFFICE

I, JOHN W. KELLY, Chief Clerk of the Surrogate's Court of the County of Westchester, do hereby certify that I have compared the foregoing copy of the ORDER TO SHOW CAUSE;

Re: The Estate of   VALERIE VECCHIOTTI, DECEASED .

SIGNED:       JANUARY 25, 2007

with the original thereof now remaining in this office and have found the same to be a correct transcript therefrom, and of the whole of such original.

Dated and Sealed   JANUARY 25, 2007

*John W. Kelly*

CHIEF CLERK of the SURROGATE'S COURT

Seal

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
In the Matter of the Proceeding by JOHN W. STEIGLER,
As Executor of the Last Will and Testament of
VALERIE VECCHIOTTI,

       **PETITION**
       **FILE NO. 2499/2005**

              Deceased,

To direct a turnover of property held by Avon Products,
Inc., under SCPA 2103.
----------------------------------------------------------------X

TO THE SURROGATE'S COURT OF THE COUNTY OF WESTCHESTER:

     The petition of JOHN W. STEIGLER with offices at Sweeney, Gallo, Reich & Bolz,

LLP, 95-25 Queens Boulevard, Rego Park, County of Queens, State of New York, respectfully

shows:

     1. Letters Testamentary of the Last Will of Valerie Vecchiotti, the decedent above-

named, were duly issued to JOHN W. STEIGLER by the Surrogate's Court of the County of

Westchester on November 28, 2005 and JOHN W. STEIGLER thereupon duly qualified and

thereafter acted and is still acting as such executor.

     2. The decedent at her death was domiciled and resided at No.1 Wall Avenue, Mt.

Pleasant, in the County of Westchester and State of New York and died on July 30, 2005.

     3. Certain money or other property or the proceeds or value thereof belonging to your

petitioner, to wit, a Personal Savings Account, is now in possession of AVON PRODUCTS,

INC., who withholds possession thereof from Petitioner, and said account should be delivered to

Petitioner.

     4. On or about January 3, 2006 AVON PRODUCTS, INC. advised the petitioner that the

Personal Savings Account with an approximate balance of $94,433.75 which did not have a

specific beneficiary designated, would only be paid said to the spouse of the decedent.  At the time of her death Valerie Vecchiotti was legally separated from Frank Granieri who resides at 84 Combe Avenue, Toronto, Ontario.  On the 30th day of November 1996 the decedent and Frank Granieri entered into a Separation Agreement which specifically provided among other things that:

> "Neither the husband nor the wife will make a claim to a share in any pension vested or unvested or whatsoever nature including but not limited to any registered retirement savings plan,  deferred profit sharing plan, company pension plan or annuity registered in or for the benefit of the other."

Despite the clear waiver of the spouse, Avone Products, Inc. refuses to pay the aforesaid funds to the Estate of VALERIE VECCHIOTTI

5. The names and post office addresses of all persons interested in the estate of VALERIE VECCHIOTTI, deceased or in the Personal Savings Account, whose rights or interests would be affected by a decree herein, who are required to be cited upon this application or concerning whom the court is required to have information, are:

> AVON PRODUCTS, INC.
> 1345 Avenue of the Americas
> New York, New York
> Attention: Gilbert Klemann, General Counsel
>
> FRANK GRANIERI
> 84 Combe Avenue
> Toronto, ON M3H 4J7

6. There are no other persons than those mentioned interested in the application or proceeding.

**WHEREFORE**, petitioner requests that AVON PRODUCTS, INC. and FRANK

GRANIERI be cited to show cause why an order should not be made requiring AVON

PRODUCTS, INC., to deliver the property hereinbefore described or the proceeds or value

thereof to your petitioner.

Dated: Rego Park, New York
    January 24, 2007

_____
    JOHN W. STEIGLER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                                    2499/2005

In the Matter of the Proceeding by JOHN W. STEIGLER, as Executor
of the Last Will and Testament of

   VALERIE VECCHIOTTI, Deceased.

To direct a turnover of property held by Avon Products, Inc.
under SCPA 2103

---

### PETITION
### ORDER TO SHOW CAUSE

---

### SWEENEY, GALLO, REICH & BOLZ LLP
**Office and Post Office Address, Telephone**
95-25 Queens Boulevard - Suite 626
Rego Park, New York 11374
(718) 459-9000

---

Attorney(s) for

JOHN W. STEIGLER, ESQ..
Attorney Certification pursuant to Court Rule § 130-1.1-a

---

Service of a copy of the within        is hereby admitted.

Dated,

                                                        Attorneys for

---

Sir:- Please take notice

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of an order
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**
that an order of which the within is a true copy will be presented for
settlement to the Hon. Anthony A. Scarpino Jr., one of the judges
of the within named court, at 140 Grand Street, 8th Floor,
White Plains, New York on                          at 9:30 A. M.

Dated, Queens, New York                    Yours, etc.

                              JOHN W. STEIGLER, ESQ.
                              *Office and Post Office Address*
                              Sweeney, Gallo, Reich & Bolz LLP
                              95-25 Queens Boulevard -Suite 626
                              Rego Park, N.Y. 11374
                              (718) 459-9000



## LAST WILL AND TESTAMENT

I, VALERIE VECCHIOTTI, of the County of Westchester, and State of New York, being of sound mind and memory, do hereby make, publish and declare this to be my Last Will and Testament.

**FIRST:**     I hereby revoke all other wills and codicils made by me at any time heretofore.

**SECOND:**     Any and all federal, state, foreign or other inheritance, estate, transfer, succession, death or similar duties and taxes, whether levied, based or imposed upon or measured by property that passes by my Will, or levied, based or imposed upon or measured by any other property, shall be paid out of my residuary estate and shall not be equitably prorated or charged against the dispositions provided by my Will or against other property.

**THIRD:**     I give, devise and bequeath the sum of $20,000 to FRANK GRANIERI. In the event that FRANK GRANIERI shall predecease me, the aforesaid bequest shall go into my residuary estate.

**FOURTH:**     I give, devise and bequeath all of the rest, remainder and residue of my estate to my Trustee, hereinafter named IN TRUST for the following uses and purposes:

(A)   To hold, manage, invest and reinvest the said property, to collect and receive the income therefrom and pay the net income in convenient installments as determined in the sole and absolute discretion of my Trustee to my sister, FLO-ANN ROLLERI, during her lifetime.

(B)   Upon the death of my said sister, FLO-ANN ROLLERI, or upon my death, should my sister not survive me, my Trustee or Executor shall pay over and distribute the principal of the said Trust, together with any accrued income, or my residuary estate, as the case may be, to my nieces, KIMBERLY SALVATORE and KARA BERGHAUS, in equal shares, per stirpes.

(C)   If in any calendar year or portion of a calendar year, the said income is not paid for any valid reason according to this Will, my Trustee shall accumulate the said unpaid income for that calendar year or portion thereof, and add it to the principal of the said Trust.

(D)   In addition to the net income, the Trustee is authorized in her sole and absolute discretion, at any time and from time to time, to pay or apply from the principal of the Trust such amounts as she may deem advisable to provide adequately and properly for the health, maintenance, education, and support of my sister, FLO-ANN ROLLERI.

(E)   The determination of my Trustee as to the amount or advisability of any discretionary payment of income or principal from this Trust herein shall be final and conclusive on all persons having or claiming any interest in such Trust.  Upon making any such payment, my Trustee shall be released fully from all further liability therefor.

**FIFTH**:   I hereby direct that each and every beneficiary under this trust is hereby restrained from and are and shall be without right, power, and authority to sell, transfer,

2

3

pledge, mortgage, hypothecate, alienate, anticipate, or in any other manner affect or impair his or her or their beneficial and legal rights, titles, interests, claims, and estates in and to the income and/or principal of this trust during the entire term hereof, nor shall the rights, titles, interests, and estates of any beneficiary hereunder be subject to the rights or claims of creditors of any beneficiary, nor subject nor liable to any process of law or court, and all of the income and/or principal under this trust shall be transferable, payable, and deliverable only, solely, exclusively, and personally to the above designated beneficiaries hereunder at the time entitled to take the same under the terms of this trust, and personal receipt of the designated beneficiary hereunder shall be a condition precedent to the payment or delivery of the same by said trustee to each such beneficiary.

**SIXTH:** It is my wish and desire that my house at 1 Wall Avenue, Valhalla, New York not be sold to the extent practicable within my Trustee's discretion. However, my Trustee shall have complete control to sell the property at any time.

**SEVENTH:** Without limitation of the powers which are now or may hereafter be conferred by law upon executors, guardians or trustees, the aforementioned person shall have the following powers:

Section 1 - To accept additions to any estate or trust from sources other than the estate or trust.

Section 2 - To acquire the remaining undivided

3



interest in the property of an estate or trust in which the fiduciary, in his fiduciary capacity, holds an undivided interest.

Section 3 - To invest and reinvest property of the estate or trust under the provisions of the will, deed or other instrument or as otherwise provided by law.

Section 4 - To effect and keep in force fire, rent, title, liability, casualty or other insurance to protect the property of the estate or trust and to protect the fiduciary.

Section 5 - Except in the case of property specifically disposed of:

(a). To take possession of, collect the rents from and manage the same.

(b). To sell the same at public or private sale, and on such terms as in the opinion of the fiduciary will be most advantageous to those interest therein.

(c). With respect to fiduciaries other than a trustee, to lease the same for a term not exceeding three years and, in the case of a trustee, to lease the same for a term not exceeding ten years.

(d). To mortgage the same.

Section 6 - To take ordinary repairs to the property of the estate or trust.

Section 7 - To grant options for the sale of property for a period not exceeding six months.

Section 8 - To continue or foreclose upon any mortgage held in the estate or trust.

4

5

Section 9 - To employ banks, trust companies or broker/dealers for custodial services.

Section 10 - To permit banks, trust companies or broker/dealers to register property in the name of a nominee.

Section 11 - As survivor fiduciary, to continue to administer the property of the estate or trust without the appointment of a successor, unless contrary to the express provision of the will, deed or other instrument.

Section 12 - As successor or substitute fiduciary to succeed to all of the powers of the original fiduciary, with respect to the estate or trust, as were given to the original fiduciary, unless expressly prohibited by the will, deed or other instrument.

Section 13 - To contest, compromise or otherwise settle any claim on behalf of the estate or trust.

Section 14 - To vote securities in person or by proxy.

Section 15 - To pay calls, assessments and any other sums chargeable or accruing against or on account of securities held by a fiduciary, whenever such payments may be legally enforceable or the fiduciary deems payment for the best interest of the estate or trust.

Section 16 - To sell or exercise stock subscription or conversion rights, participate in foreclosures, reorganizations, consolidations, mergers or liquidations, and to consent to corporate sales, leases and encumbrances.

5

6

Section 17 - To execute and deliver agreements, assignments, bills of sale, contracts, deeds, notes, receipts and any other instrument necessary or appropriate for the administration of the estate or trust.

Section 18 - In the case of a trustee, to hold the property of two or more trusts or parts of such trusts created by the same instrument as an undivided whole without separation as between such trusts or parts, provided that such separate trusts or parts shall have undivided interest and provided further than no such holding shall defer the vesting of any estate in possession or otherwise.

Section 19 - To distribute in case, in kind, or partly in each, any property at its fair market value at the date of distribution, without being required to distribute any specific property pro rata.

Section 20 - To join with the surviving spouse or the fiduciary of his estate in the execution and filing of a joint income or gift tax return, to consent to gift-splitting, and to pay such taxes thereon as are chargeable to the decedent.

Section 21 - To pay all reasonable and proper expense of administration from the property of the estate or trust, including the reasonable expense of obtaining and continuing the fiduciary's bond and any reasonable counsel fees he may necessarily incur.

Section 22 - To loan property with or without interest.

6

7

Section 23 - To combine identical trusts.

Section 24 - To split trusts.

Section 25 - To permit one fiduciary to execute documents on behalf of his co-fiduciaries.

Section 26 - To invest oil, gas and mineral interests.

Section 27 - To make public offerings.

Section 28 - To continue a decedent's business.

Section 29 - To borrow money (including to margin).

Section 30 - To abandon property.

Section 31 - To abstain from enforcing any claim.

Section 32 - To remove property from New York.

Section 33 - To execute a renunciation.

Section 34 - To delegate ministerial duties and, to the extent permitted by law, to delegate investment decisions.

Section 35 - To allocate receipts and expenses between income and principal.

Section 36 - To make or not to make principal and income adjustments to compensate for the effect of certain tax elections.

Section 37 - Not to apportion accrued but uncollected income.

Section 38 - To permit horizontal representation of individuals under a disability.

Section 39 - To make or not to make a Qualified Terminal Interest Property Tax, Generation Skipping Tax or other tax election.

Section 40 - Not to pay interest on general bequests.

**EIGHTH:**      Any person who shall die at the same time as I, or in a common disaster with me or under such circumstances that it is difficult or impossible to determine which died first, shall be deemed to have predeceased me.

**NINTH:**      (A). I appoint JOHN W. STEIGLER as my Executor.

(B). I appoint my niece, KIMBERLY SALVATORE, as my Trustee.

**TENTH:**      No bond shall be required of any Executor or Trustee named herein or appointed pursuant to the provisions hereof for any reason, including to secure either the faithful performance of such Executor and/or Trustee in any fiduciary capacity hereunder or the return of any payment on account of commissions in any such capacity.

**ELEVENTH:**      In the event that any beneficiary named herein shall, directly or indirectly, under any pretense or for any cause or reason whatever, oppose the probate of my Last Will and Testament or institute, abet, take or share, directly or indirectly, in any action or proceeding against my estate to impeach, impair, set aside or invalidate any of the provisions of my Last Will and Testament, or make any agreement, direct or

8

indirect, in connection with any of the foregoing, with any person instituting, abetting, taking or sharing in such action directly or indirectly, I do hereby revoke any and all dispositions, devises, bequests, trusts or other provisions to or for the benefit of any such person, and I direct that any such devises, bequests, trusts or other provisions, to or for the benefit of any such person, shall become part of my residuary estate, except that if such person shall be entitled to share in my residuary estate, then the share of such person shall be disposed of as if such person had predeceased me without leaving issue surviving me.

**IN WITNESS WHEREOF**, I sign, seal, publish and declare this as my Last Will and Testament in the presence of the persons witnessing it at my request this _28_ day of _July_ , 2005.

_____
VALERIE VECCHIOTTI

**SIGNED, SEALED, PUBLISHED and DECLARED** by VALERIE VECCHIOTTI, the Testatrix above-named, to be her Last Will and Testament in our presence and we, at her request, in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this _28_ day of _July_ , 2005.

_James C. Jennison_ residing at _5 Wall Ave_
_Valhalla, NY 10595_

_Theodore F. Kelly_ residing at _2 WALL AVE._
_VALHALLA, N.Y. 10595_

*10*

### AFFIDAVIT OF ATTESTING WITNESSES

STATE OF NEW YORK, COUNTY OF QUEENS)   ss.:

Each of the undersigned, individually and severally being duly sworn, deposes and says:

That the within Will was subscribed in our presence and sight and signed at the end thereof by VALERIE VECCHIOTTI, the within named Testatrix on the _28_ day of _July_____, 2005, at _Phelps Memorial Hospital_____.

Said Testatrix, at the time of making such subscription, declared the instrument so subscribed to be her Last Will.

Each of the undersigned thereupon signed their names as a witness at the end of said Will at the request of said Testatrix and in her presence and sight and in the presence and sight of each other.

Said Testatrix was, at the time of so executing said Will, over the age of 18 years and, in the respective opinions of the undersigned, of sound mind, memory and understanding and not under any restraint or in any respect incompetent to make a Will.

The Testatrix, in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect her capacity to make a valid Will. The Will was executed as a single, original instrument and was not executed in counterparts.

Each of the undersigned was acquainted with said Testatrix at such time and makes this affidavit at her request.

The within Will was shown to the undersigned at the time this affidavit was made, and was examined by each of us as to the signature of said Testatrix and of the undersigned.

The foregoing instrument was executed by the Testatrix and witnessed by each of the undersigned affiants under the supervision of JOHN W. STEIGLER, ESQ., an attorney at law.

_Theodore H. Kelly_

_James C. Tennison_

Sworn to before me this

28 day of _July_, 2005.

_John N. Steigler_
NOTARY PUBLIC

JOHN W. STEIGLER
Notary Public State of New York
No. 02ST4963669
Qualified in Westchester County
Commission Expires March 12, 200_

New York State Surrogate's Court                    *12*                              Form P-5
New York State Bar Association Official OCA Forms                                Probate Citation

                                                                File No. _____

                                    CITATION
        SURROGATE'S COURT, _____ Westchester _____ COUNTY
                    THE PEOPLE OF THE STATE OF NEW YORK,
                        By the Grace of God Free and Independent
TO: Lisa Denis, Deanna Corona, and Frank Granieri

A petition having been duly filed by **John W. Steigler** _____
who is/are domiciled at **1307 Franklin Avenue, Mamaroneck, New York 10543, United States**

**YOU ARE HEREBY CITED TO SHOW CAUSE** before the Surrogate's Court       Westchester       County,
at            **140 Grand Street, White Plains**            , New York, on *November 16, 2005*
at *9:30* o'clock in the         *fore*         noon of that day, why a decree should not be made in the estate of
**Valerie Vecchiotti**                                                             lately domiciled at

admitting to probate a Will dated _____ **July 28, 2005** _____ (and Codicil(s), if any, dated
                                                                                          ),
a copy of which is attached, as the Will of **Valerie Vecchiotti** _____
deceased, relating to real and personal property, and directing that:
[X] Letters Testamentary issue to
    John W. Steigler
[X] Letters of Trusteeship issue to

    Kimberly Salvatore                        f/b/o Flo-Ann Rolleri

                                              f/b/o

                                              f/b/o

                                              f/b/o

[ ] Letters of Administration c.t.a. issue to

[ ] Further relief sought (if any):

Dated, Attested and Sealed,          HON. Anthony A. Scarpino, Jr.
                                          Surrogate
*Sept 12, 2005*                           John W. Kelly          *John W. Kelley   CTR*
Seal                                      Chief Clerk

                                          John W. Steigler
                                          Print Name of Attorney

**Manton Sweeney Gallo Reich & Bolz, LLP**   **(718) 896-2047**
Firm                                          Tel. No.
**95-25 Queens Boulevard, Rego Park, New York 11374**
Address

---

NOTE: This citation is served upon you as required by law. You are not required to appear. If you fail to appear it will be
assumed you do not object to the relief requested. You have a right to have an attorney appear for you.

NYSBA's Surrogate's Court Form P-5 (4/02)       -1-       © 2002 Matthew Bender & Co., a member of the LexisNexis Group.